IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL STRICKLAND, #201890, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:07-CV-282-CSC |
| | ) | (WO) |
| PRISON HEALTH CARE, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff is a prison inmate who seeks pursuant to 42 U.S.C. § 1983 injunctive relief requiring the defendants to give him copies of his medical records reflecting whether he is infected with a sexually transmitted disease.[1] In response to the orders of the court, the defendants filed a special report and answer. The court then informed the plaintiff that the defendant's special report may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment.  The plaintiff has not filed a response and the time for a response has expired.  Thus, this case is now before the court for consideration of the defendants' motion for summary judgment which the court concludes is due to be granted.

The plaintiff is incarcerated at Easterling Correctional Facility.  The undisputed

---

[1] The complaint reflects that Strickland was convicted of rape and that the victim reported that her assailant infected her with a sexually transmitted disease.  Strickland apparently desires to prove his innocence by showing that he is not infected.  Given the basis on which the court disposes of this case, the court pretermits the question of whether Strickland has stated a valid claim for relief under 42 U.S.C. § 1983.

evidence shows that the defendant medical providers have established a grievance system for inmates to use at Easterling. The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In deciding whether a prisoner has exhausted his administrative remedies, a court does not review the effectiveness of those remedies, but rather whether remedies were available and exhausted. *Alexander v. Hawk*, 159 F.3d 1321, 1326-27 (11th Cir.1998). The exhaustion requirement is mandatory. *Id.* at 1325-26. The Supreme Court has determined that the PLRA's mandatory exhaustion requirement applies to all federal claims brought by any prisoner who must properly exhaust all claims. *Woodford v. Ngo,* — U.S. — , 126 S.Ct. 2378, 2382 (2006); *Porter v. Nussle*, 534 U.S. 516, 520 (2002). It is also undisputed that Strickland has failed to exhaust the remedies available to him concerning this claim. Accordingly, it is

ORDERED that the defendants' motion for summary judgment be and is hereby GRANTED. The court will enter a separate final judgment dismissing this case without prejudice.

Done this 10th day of September, 2007.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE